IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WILLIAM SCOTT DAVIS, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GLR-20-1070 |
| D.J. HARMOND, BOP Mid-Atlantic Regional Director, et al., | * | |
| | * | |
| Defendants. | | |

***

# MEMORANDUM OPINION

THIS MATTER is before the Court on Plaintiff William Scott Davis' Motion for Leave to Proceed in Forma Pauperis (ECF No. 4); Motion for Rule 59(e) (ECF No. 5); Motion for Appointment of Attorney Guardian Ad Litem (ECF No. 6); and Motion for Preliminary T.R.O. (ECF No. 8). These Motions are ripe for review, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2018). For the reasons outlined below, the Court will deny the Motions and dismiss the Complaint.

## I. BACKGROUND

Plaintiff William Scott Davis is an inmate at the United States Penitentiary in Thompson, Illinois ("USP Thompson"). On April 4, 2020, Davis, who is a frequent litigator in federal court,[1] filed the above-captioned Complaint against Defendants D.J. Harmond,

---

[1] Davis has filed numerous pro se civil cases in the past. See https://pcl.uscourts.gov/pcl (last visited Feb. 1, 2021). He is subject to pre-filing injunctions imposed by the United States District Courts for the Eastern District of Virginia and the Eastern District of North Carolina. See Davis v. Unknown, No. 2:16CV548, 2016 WL 9685960, at *2 (E.D.Va. Oct. 4, 2016); Davis v. Mitchel, No. 5:12-CV-00493-F, 2013 WL 4041855, at *5 (E.D.N.C. Aug. 8, 2013), aff'd, 553 F. App'x 356 (4th Cir. 2014).

Director of Fed. B.O.P., John Doe, Jane Doe, B.M. Antonellie, Timothy Stewart, and William Barr. (ECF No. 1). Davis submitted the Complaint without paying the filing fee and requested an application to proceed in forma pauperis, asserting that he is in imminent danger of serious physical injury. (Compl. at 2, ECF No. 1). The Court directed the Clerk to send to Davis a blank form motion to proceed in forma pauperis, informed Davis that the Complaint did not comply with Rule 8(a) of the Federal Rules of Civil Procedure, and granted him additional time to clarify his claims. (Apr. 30, 2020 Order at 3–4, ECF No. 2).

On June 10, 2020, Davis filed a thirty-seven-page supplement to his Complaint along with a Motion to Proceed in Forma Pauperis, a Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 59(e), and a Motion for Appointment of an Attorney Guardian Ad Litem. (ECF Nos. 4–6). Davis filed an additional twelve-page supplement to his Complaint, styled as "Supplemental Court and Relief," on June 22, 2020. (ECF No. 7). On June 29, 2020, Davis field a Motion for Preliminary Temporary Restraining Order. (ECF No. 8).

## II. DISCUSSION

### A. Motion to Proceed in Forma Pauperis

In order to evaluate Davis' Motion to Proceed in Forma Pauperis, the Court must first determine whether the "three-strikes" rule of the Prison Litigation Reform Act ("PLRA"), codified at 28 U.S.C. § 1915(g), applies to his Motion.

The three-strikes rule "generally prevents a prisoner from bringing suit in forma pauperis (IFP)—that is, without paying the filing fee—if he has had three or more prior

suits 'dismissed on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim on which relief may be granted.'" Lomax v. Ortiz-Marquez, 140 S.Ct. 1721, 1723 (2020) (quoting 28 U.S.C. § 1915(g)).[2] There is an exception to this rule, however, where there is a risk of "continuing or future injury." See Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). This "imminent danger" exception to § 1915(g) applies only "for genuine emergencies" where "time is pressing" and "a threat . . . is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002). Imminent danger must be "close at hand, not a past infraction," and "must have some nexus or relation to those of the underlying complaint." Meyers v. Comm'r of Soc. Sec. Admin., 801 F.App'x 90, 96 (4th Cir. 2020). "Vague, speculative, or conclusory allegations are insufficient to invoke the exception of § 1915(g); rather, the inmate must make 'specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" Johnson v. Warner, 200 F.App'x 270, 272 (4th Cir. 2006) (quoting Martin, 319 F.3d at 1050). In other words, the imminent danger exception allows only "a very narrow class of prisoner claims to bypass the 'three strikes' rule." Meyers, 801 F.App'x at 95.

Davis has accumulated three strikes under the PLRA. See Davis v. Unknown, No. 2:16-cv-00548 (E.D.Va. Oct. 4, 2016) (assigning third strike); Davis v. Scott, 2:11-CV-0516 (E.D.Va. Sept. 29, 2011); Davis v. North Carolina, No. 2:11-CV-0500 (E.D.Va. Sept.

---

[2] Lomax resolved a split among the circuits and held that regardless of whether a dismissal is with or without prejudice, dismissal of a prisoner's civil lawsuit for failure to state a claim counts as a strike under the three strikes rule. 140 S.Ct. at 1724.

26, 2011). Thus, Davis may not proceed in forma pauperis unless his Complaint satisfies the imminent danger exception to the three-strikes rule. Davis' Complaint and the supplements thereto, however, present allegations premised on incidents that occurred during the time Davis was incarcerated at the United States Penitentiary in Hazelton, West Virginia ("USP Hazelton") and the Federal Correctional Institution in Cumberland, Maryland ("FCI Cumberland"). These allegations of past conduct suggest neither a genuine emergency nor a threat of continuing or future injury to Davis. Because Davis' allegations do not satisfy the exception to § 1915(g)'s three-strikes rule, the Motion to Proceed in Forma Pauperis will be denied.[3]

## B. Motion for Reconsideration[4]

Davis moves for reconsideration of the Court's April 30, 2020 Order, which directed him to clarify his claims and either file a motion to proceed in forma pauperis or pay the filing fee. Davis apparently takes issue with the determinations made by other federal district courts in assigning him strikes under the PLRA. Specifically, Davis questions how a prisoner can obtain a strike without "[i]nvoking the PLRA," and argues that he should

---

[3] The Court will not require Davis to submit the filing fee at this stage, however, because doing so would merely delay resolution of this matter, and because the Complaint as supplemented will be dismissed for failure to state a claim.

[4] Davis styles his Motion as a motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Rule 59(e) does not apply here, however, because the Court's Order was not a final judgment on the merits of Davis' claims, and the Motion was not filed within twenty-eight days of the Court's Order. See Fed.R.Civ.P. 59(e) ("[A] motion to alter or amend a judgment must be filed no later than 28 days after entry of the judgment."). Accordingly, the Court analyzes Davis' Motion under Federal Rule of Civil Procedure 54(b), which permits a court to revise an interlocutory order "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."

not have been assigned strikes under § 1915(g) because he was hospitalized for mental health treatment at the Federal Medical Center in Butner, North Carolina several years ago and he is incompetent under Federal Rule of Civil Procedure 17(c).

To the extent Davis intends to challenge the previous strikes against him, Davis must present these claims to the federal district court that imposed the pre-filing injunctions or the corresponding court of appeals. This Court may not reconsider pre-filing injunctions entered by other federal district courts. Accordingly, Davis' Motion for Reconsideration will be denied.

### C. Attorney Guardian Ad Litem

Davis states he is mentally incompetent and requires appointment of counsel as guardian ad litem. Federal Rule of Civil Procedure 17(c)(2) provides:

> A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action.

Rule 17(c)(2) recognizes the existence of certain mental deficiencies that may affect a litigant's ability to manage his own affairs and which go beyond "mere foolishness or improvidence, garden-variety or even egregious mendacity, or even various forms of the more common personality disorders." Hudnall v. Sellner, 800 F.2d 377, 385 (4th Cir. 1986). Importantly, the Rule allows a court to appoint a guardian ad litem, but it does not compel it to do so. Rather, it grants a court considerable discretion to issue an "appropriate order" to protect the interest of an unrepresented, incompetent litigant. See Seibels, Bruce & Co. v. Nicke, 168 F.R.D. 542, 543 (M.D.N.C. 1996).

In <u>Davis v. U.S D.H.H.S</u>, No. 2:16-cv-618, 2017 WL 6403020 (E.D.Va. Aug. 8, 2017), the United States District Court for the Eastern District of Virginia rejected Davis' motion for appointment of a guardian ad litem, stating:

> Plaintiff claims that he has been adjudged incompetent and civilly committed. As such, Plaintiff believes this Court must appoint him a guardian ad litem prior to taking any action in his cases. In addition, Plaintiff objects to the Court's application of 28 U.S.C. § 1915(g). Section 1915(g) only applies to inmates, and Plaintiff claims that he is not an inmate. Plaintiff claims he was civilly committed to the Federal Medical Center at Butner, North Carolina ("FMC Butner"). However, FMC Butner is a medical center operated by the Federal Bureau of Prisoners. It is not a civil facility. Plaintiff has been accused of a crime in the United States District Court for the Eastern District of North Carolina. <u>See</u> <u>United States v. Davis</u>, Action No. 5:14cr00240-BR-1 (E.D.N.C.). Plaintiff has proffered nothing other than his unsupported assertion that he has been adjudged incompetent. In fact, just recently, Plaintiff was found to be competent. <u>See</u> <u>id.</u>, Minute Entry for proceedings, filed June 5, 2017 (ECF No. 601) (finding Defendant, William Scott Davis, to be competent).

<u>Id.</u> at *5; <u>see also</u> <u>Davis v. State of North Carolina</u>, No. 2:16-CV-0549 (ECF No. 18) (denying request for appointment of a guardian ad litem).

Like his prior requests for a court-appointed guardian, Davis has not presented any evidence that he has been adjudicated legally incompetent, and the Court is not aware of any such evidence. <u>See</u> <u>Ferrelli v. River Manor Health Care Ctr.</u>, 323 F.3d 196 (2d Cir. 2003). As the court in that case noted in dicta:

> If a court were presented with evidence from an appropriate court of record or a relevant public agency indicating that the party had been adjudicated incompetent, or if the court received verifiable evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness of the type that would render him or her legally

6

> incompetent, it likely would be an abuse of the court's discretion not to consider whether Rule 17(c) applied.

Id. at 201. Further, the Court finds the Complaint evidences no need for appointment of a guardian ad litem. Accordingly, the Motion will be denied.

**D.     Motion for a Temporary Restraining Order**

Davis' request for a temporary restraining order seeks to "permanently enjoin" Defendants from failing to comply with certain Bureau of Prisons ("BOP") program statements. To warrant a temporary restraining order or a preliminary injunction, Davis must demonstrate that: (1) he is likely to succeed on the merits; (2) he will likely suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities favors preliminary relief; and (4) injunctive relief is in the public interest. Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).

While the Motion is not a model of clarity, Davis appears to allege that: he was denied attorney-client phone calls, access to the law library, and pen, paper, and postage in violation of the First, Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution; legal mail addressed to him and marked "Privileged & Confidential" was opened outside of his presence; FCI Cumberland and USP Hazelton failed to timely forward his mail after he was transferred to USP Thompson; he was housed in administrative detention and disciplinary segregation in violation of the Eighth and Thirteenth Amendments "on account of [invidious] class based racial animus" and "fraudulently fabricated incident reports" by "prison guards [who are] perjurers motivated by malice, vindictiveness, intolerance, prejudice, [and] malfeasance"; he was denied

physical therapy and mental health treatment in violation of the Eighth Amendment; and he was the victim of a "racially motivated hate crime" at USP Hazelton where he was "chained [and] shackled," which "cut of[f] circulation," caused him to be "unable to breathe," and resulted in "scars, bruises, [and] lacerations." (Mot. TRO at 1–5, ECF No. 8).

Despite this laundry list of allegations, Davis fails to present any evidence or arguments to support his requested injunctive relief. As a preliminary matter, although he seeks to enjoin Defendants from violating certain BOP "program statements," Davis fails to identify the particular BOP program statements at issue.[5] Moreover, Davis' allegations appear to concern past conduct, not conduct that is imminent or ongoing. Because the Motion does not address, much less demonstrate, the requisite elements for an award of a temporary restraining order or a preliminary injunction, the Motion will be denied.

### E.     Failure to State a Claim

This Court has a duty to screen the complaint in any civil action in which a prisoner seeks relief from a governmental entity or officer or employee of a governmental entity and dismiss any portion of the complaint that fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(a), (b)(1).[6]

---

[5] In an earlier and separately filed supplement, Davis lists numerous BOP policies, practices, procedures, regulations, and program statements that he alleges Defendants do not follow. (See ECF No. 7). As best as the Court can discern, the supplement does not reference Davis' separate and later-filed request for TRO, nor does it set forth the facts necessary to enter injunctive relief.

[6] The statute also provides for dismissal of frivolous or malicious claims. See 28 U.S.C. § 1915A(1)(1). Under this standard, Davis' repetitive claims that have already been considered and decided in this Court or other federal courts must also be dismissed.

A pleading must provide the defendant and the court "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). It must allege sufficient facts to advance a plaintiff's claim "across the line from conceivable to plausible." Twombly, 550 U.S. at 570. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). A district court "is not obliged to ferret through a [c]omplaint, searching for viable claims." Wynn-Bey v. Talley, No. RWT-12-3121, 2012 WL 5986967, at *2 (D.Md. Nov. 28, 2012). Rather, a court "may dismiss a complaint that is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." Id. (quoting Salhuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988)).

Davis' Complaint and supplements are rambling, disorganized, and in large part incomprehensible. Throughout his pleadings, Davis identifies dozens of purported causes of action and summarily states the injuries he has allegedly suffered without providing any corresponding factual allegations in support of these claims or injuries. Where Davis does provide specific factual support, his allegations are too disjointed, conclusory, or confusing for the Court to identify a claim upon which relief can be granted.[7]

---

[7] From what the Court can discern from the pleadings, Davis appears to allege that he was assaulted on January 21, 2020 while he was housed at USP Hazelton. To the extent Davis raises potentially cognizable claims based on incidents at USP Hazelton, they should be filed in the appropriate judicial district, not the District of Maryland.

While the Court is mindful that Davis is a pro se litigant whose pleadings are liberally construed, see Pardus v. Erickson, 551 U.S. 89, 94 (2007), Davis must still state claims in "an understandable and efficient manner," Stone v. Warfield, 184 F.R.D. 553, 555 (D.Md. 1999). Davis must also show that he is entitled to relief from the Defendants. Iqbal, 556 at 680 (2009) (citing Twombly, 550 U.S. at 570). Davis has failed to do so here. Accordingly, the Complaint will be dismissed for failure to state a claim under 28 U.S.C. § 1915A (a), (b)(1). Davis will be assigned a "strike" pursuant to 28 U.S.C. § 1915(g).

### III.   CONCLUSION

For the foregoing reasons, Davis' Motion for Leave to Proceed in Forma Pauperis (ECF No. 4); Motion for Rule 59(e) (ECF No. 5); Motion for Appointment of an Attorney Guardian Ad Litem (ECF No. 6); and Motion for Preliminary TRO (ECF No. 8) will be denied. The Complaint will be dismissed for failure to state a claim under 28 U.S.C. § 1915A(a), (b)(1), and Davis will be assigned a "strike" pursuant to 28 U.S.C. § 1915(g). A separate Order follows.

Entered this 26th day of February, 2021.

                                                /s/
                                      George L. Russell, III
                                      United States District Judge